961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald F. MAPLES, Jr., Defendant-Appellant.
 No. 91-5730.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Donald F. Maples, Jr. appeals the District Court's denial of his motion to suppress evidence. For the following reasons, we AFFIRM the District Court.
 
 
 2
 On July 9, 1990 at about 8:00 p.m., defendant and his wife drove to their former rented residence. Defendant parked in front of the house, and approached Ronald Phillips, Richard Hall and Patricia Hall, who were in two cars blocking the driveway. Defendant told them to move the cars. He produced a .22 caliber pistol and fired into the ground between the two cars.
 
 
 3
 Defendant got into Phillips' car and told Phillips to drive up to the house. The ostensible purpose of coming to the house was to retrieve the Maples' furniture. Defendant held Phillips and his girlfriend, Cindy Buckner, at gunpoint while defendant's wife began to ransack the house. Defendant took the pistol and shot a hole in a mirror hanging on the wall above Phillips and Buckner. Defendant removed items he was interested in from the house and put them in his truck. Defendant forced Phillips to drive to a warehouse where the items were unloaded. Phillips then went back to the house and called the police.
 
 
 4
 Officers Dennis Maddox and Michael Moses of the Cleveland, Tennessee Police Department and Officer Johnson from the Bradley County Sheriff's Department received information that defendant could be found at the Paradise Cafe, he would be driving a baby blue truck, the gun used to fire shots in the house would probably be in the vehicle, and a description of the gun.
 
 
 5
 Local Constable Frazier heard the police reports, met Officer Johnson at the Paradise Cafe, and told him that he had an outstanding warrant on defendant for theft of property. Defendant was arrested on this outstanding warrant. While defendant was being placed in custody, Officers Maddox and Moses went to the vehicle in the parking lot that matched the description they had been given by the police dispatcher. Officer Maddox shined his flashlight in the truck and saw a gun. He opened the door and seized the gun.
 
 
 6
 On January 22, 1991 defendant was indicted on one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 26, 1991 and April 3, 1991, the District Court held a suppression hearing concerning the gun that was seized from defendant's vehicle at the time of his arrest. The District Court denied defendant's motion to suppress because it found that the gun was in plain view and seizure of the gun was within the automobile exception to the warrant requirement. Defendant entered a plea of guilty pursuant to a conditional plea agreement under which defendant reserved the right to appeal the District Court's suppression ruling. This appeal followed.
 
 
 7
 We find that Officer Maddox's initial intrusion of shining his flashlight into defendant's truck did not violate defendant's rights because there is no legitimate expectation of privacy in an automobile. Texas v. Brown, 460 U.S. 730, 740 (1983). The Supreme Court has stated:
 
 
 8
 [The] use of a searchlight ... is not prohibited by the Constitution.... The general public could peer into the interior of [defendant]'s automobile ... there is no reason [the police officer] should be precluded from observing as an officer what would be entirely visible to him as a private citizen. There is no legitimate expectation of privacy ... shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers.
 
 
 9
 Id. (citations omitted). The District Court found that Officer Maddox viewed the gun from outside the vehicle. We review the factual findings of the District Court under a clearly erroneous standard. Fed.R.Civ.P. 52(a). We do not find this factual finding to be clearly erroneous. The District Court also found that the officers were investigating a complaint that defendant had fired shots into a residence and they had been given a description of the gun. We believe that when Officer Maddox saw the gun, he could reasonably believe that the gun was evidence of the crime they were investigating, and he had probable cause to seize it. The District Court found that defendant's wife was present when defendant was arrested, she had a set of keys to the truck, and she was not detained. We find these circumstances sufficiently exigent to justify the officers' warrantless seizure of the gun under the automobile exception to the warrant requirement. California v. Carney, 471 U.S. 386, 391 (1985).
 
 
 10
 Accordingly, we AFFIRM the District Court.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation